UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JANICE TAYLOR WILLIAMS                        CIVIL ACTION

VERSUS                                        NO: 09-5832

FRESENIUS USA MANUFACTURING,                  SECTION: J
INC ET AL

## ORDER AND REASONS

Before the Court is Defendant Total Renal Care, Inc.'s Rule 12(b)(6) **Motion to Dismiss Plaintiff's Claims (Rec Doc. 5)** and supporting memoranda, as well as Plaintiff's **Response in Opposition to the Motion to Dismiss (Rec. Doc. 11)** and supporting memoranda.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

In July of 2009, Plaintiffs, Janice Taylor Williams and Kenneth Williams, filed initial and amended complaints in the Civil District Court, Parish of Orleans, State of Louisiana. These complaints alleged that Defendants, Fresenius USA Manufacturing, Inc., Fresenius USA Marketing, Inc., Fresenius Medical Care Louisiana Dialysis Group, LLC, Davita Rx, LLC, Davita Denham Springs Kidney Care, LLC, and Total Renal Care, Inc., were liable for damages suffered by Plaintiffs.

Specifically, the complaints alleged that on or about July 23, 2008, Janice Williams ("Plainitff") suffered multiple injuries during a slip and fall accident while employed as a

Dialysis/Patient Care Tech for DaVita Rx, LLC, Total Renal Care, Inc., and/or DaVita Denham Springs Kidney Care, LLC (collectively "Alleged Employers") and that Plaintiff's husband has sustained, or will sustain, loss of consortium in relation to these injuries.

Plaintiff alleged that her accident was caused as a result of an intentional act by her Alleged Employers and that her Alleged Employers knew that her fall was substantially certain to follow from their refusal to repair leaking machines at her work site.

In the alternative, the complaint alleged that Plaintiff was not an employee of the Alleged Employees and that those companies negligently failed to maintain their machines in safe working order or a safe working environment.

Alternatively to these claims, Plaintiff alleged that she suffered damages because the Fresenius 2008K machine, which was manufactured, sold, and/or marketed by Fresenius USA Manufacturing, Inc., Fresenius USA Marketing, Inc., and/or Fresenius Medical Care Louisiana Dialysis Group, LLC (collectively "Fresenius"), was unreasonably dangerous.

On August 9, 2009, Fresenius removed this action to this Court. On September 1, 2009, Defendant Total Renal Care, Inc. ("Defendant") filed this Rule 12(b)(6) Motion to Dismiss Plaintiffs' Claims. In its Motion to Dismiss, Defendant asserts

that Plaintiff's exclusive remedy against Defendant for her work related injuries is limited to the Louisiana Workers' Compensation Act ("LWCA"). Additionally, Defendant asserts that Mr. Williams' claims for loss of consortium against Defendant are also barred by the exclusive remedy provisions of the LWCA. Therefore, Defendant asks this Court to dismiss these claims with prejudice. After reviewing the record, motions, and memoranda filed by the parties, the Court finds as follows:

## THE PARTIES' ARGUMENTS

Defendant argues that a claim by an employee against her employer for personal injury arising out of and in the course of her employment is governed exclusively by the LWCA. Therefore, according to Defendant, an employee may not sue her employer in tort for *non-intentional* injuries sustained during the course and scope of employment. Defendant asserts that Plaintiff was employed by Defendant and therefore, because the injury stemmed from an unintentional act, Plaintiff's exclusive remedy for her on the job injuries is limited to workers' compensation. As a result, Defendant claims that the tort action brought by Plaintiff against Defendant should be dismissed pursuant to Rule 12(b)(6).

Plaintiff, on the other hand, argues that she effectively stated a cause of action and claimed damages related to an intentional act in her complaint by stating her injuries "were

the result of an intentional act" by Defendant and that Defendant "knew that [her] fall was substantially certain to follow from their refusal to repair . . . leaking machines." Rec. Doc. 1-2, p. 13, ¶ 13. Plaintiff believes these statements were sufficient to state a cause of action because according to Plaintiff, "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rec. Doc. 11, p. 6. Additionally, because a motion to dismiss under rule 12(b)(6) is viewed with disfavor and is rarely granted, Plaintiff believes that Defendant's Motion to Dismiss should be denied.

## **DISCUSSION**

As set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is whether the plaintiffs have stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief. <u>See</u> also <u>Lowrey v. Texas A & M University System</u>, 117 F.3d 242, 247 (5th Cir. 1997) (stating the standard is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief"). In reviewing a Rule 12(b)(6) motion, the Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. <u>Tanglewood East Homeowners v. Charles-Thomas, Inc.</u>, 849 F.2d 1568, 1572 (5th Cir. 1988).

4

**I. Louisiana Worker's Compensation Intentional Act Exception**

In this matter, the issue is whether Plaintiff's allegations support a claim of an intentional act against her employer. When a plaintiff is an employee of the defendant, generally, her exclusive remedy against the defendant or any of the defendant's other employees is through the Louisiana Worker's Compensation Act ("LWCA"). La. R.S. § 23:1032. However, there is an exception to this general rule if the plaintiff's injuries result from an intentional act. La. R.S. § 23:1032(B). In this context, an intentional act has been defined as the defendant's desire to bring about the physical results of his acts, or the defendant's belief that the results were *substantially certain to follow* from its actions. Bazley v. Tortorich, 397 So.2d 475, 482 (La. 1981).

**II. Substantially Certain to Follow**

In her complaint, Plaintiff stated she slipped while standing in a frequently recurring puddle of water created by certain machines and that her Alleged Employers had care, custody, and control over those machines. Plaintiff also stated her Alleged Employers failed to properly maintain the machines, failed to cease use of the machines, and/or failed to remedy or repair the dangerous condition despite having been notified of the condition. As a result of these failures, Plaintiff states that she suffered injuries and that the Alleged Employers knew

5

her fall was substantially certain to follow from their refusal to repair the leaking machines.

Defendant, in its memoranda, states that Plaintiff's arbitrary use of the phrase "substantially certain to follow" is not sufficient to allow the LWCA exception to apply. As support for its position, Defendant relies on holdings in <u>Graft v. Mason</u>, Civil Action No. 08-4820, 2009 WL 799973 (E.D. La. March 19, 2009), <u>Musacchia v. Sanderson Farms, Inc.</u>, No. Civ. A. 00-3632, 2001 WL 515251 (E.D. La. May 10, 2001), and <u>Boudreaux v. Verret</u>, 422 So.2d 1167 (La. App. 3 Cir. 1982).

*A. Graft v. Mason*

First, Defendant points to <u>Graft</u> as an example in which a plaintiff's arbitrary statement of the phrase "substantially certain to follow" was not sufficient to withstand a motion to dismiss. In <u>Graft</u>, the plaintiff was injured when his co-worker accidently drove an eighteen wheeler over his body and/or head. The plaintiff in <u>Graft</u> alleged that his co-worker knew the incident was "substantially certain to follow" because the co-worker failed to see "what he should have seen," operated a vehicle without proper safety equipment, failed to keep the vehicle under proper control, attempted to proceed when he knew it was unsafe to do so, attempted to proceed when he knew that the plaintiff could not see or hear him, and failed to stop the eighteen wheeler in time to prevent the collision.

6

The plaintiff in Graft also claimed that the employer knew the injury was substantially certain to follow because the employer required employees to work in an area that the employer knew was inadequately lighted, allowed the operating of an eighteen wheeler which was known to have improper safety equipment, and knew that the plaintiff could not be seen from the vehicle at the time of the accident.

In making its decision that the plaintiff's aforementioned claims were not sufficient to withstand a Rule 12(b)(6) motion to dismiss, the Graft Court quoted the Louisiana Supreme Court decision in Reeves v. Structural Preservation Systems, 731 So.2d 208 (La. 1999), which defined the "substantial certain to follow" standard. That definition, which this Court finds persuasive, states:

> "'Substantially certain to follow' requires more than a reasonable probability that an injury will occur and certain has been defined to mean inevitable or incapable of failing. An employer's mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the substantial certainty requirement. Further, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing."

Graft, 2009 WL 799973 at *1 (citing Reeves, 731 So.2d at 213). The Graft Court also relied on the language in Reeves relating to what constitutes an intentional act. According to Reeves Court, "believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not

7

rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation." Graft, 2009 WL 799973 at *1 (citing Reeves, 731 So.2d at 212). Relying on these definitions, the Graft Court held that the allegations in plaintiff's complaint were not sufficient to meet the substantially certain to follow standard, nor were the allegations sufficient to claim an intentional act, even though the plaintiff used the "substantially certain" phrase in his complaint. The Court held that regardless of the use of the phrase, the words alone do not transform random sets of facts into an intentional act.

   *B. Musacchia v. Sanderson Farms, Inc.*

The Defendant also compares the current case to the holding in Musacchia v. Sanderson Farms, Inc., No. Civ. A. 00-3632, 2001 WL 515251 (E.D. La. May 10, 2001). In Musacchia, the plaintiff alleged he was injured after he was ordered by his employer to a roof in connection with repairs being made to equipment owned by the defendant. Id. The plaintiff claimed the defendant knew that his injuries were substantially certain to follow because the defendant knew of previous injuries caused by the equipment and the defendant knew that the machine would begin working with the plaintiff standing close by. Id. Further, the plaintiff alleged that the defendant refused to disconnect power to the equipment and that the location of the machine on the roof made

8

it impossible for medical attention to be provided near the equipment. Id.

The Musacchia Court also relied on the aforementioned definitions of substantially certain and an intentional act. The Court reviewed the defendant's alleged acts and held that even assuming the plaintiff's allegations were true, the defendant's acts did not meet the intentional act test because the defendant did not desire the plaintiff to be harmed. At worst, according to the Court, the defendant's actions amounted to gross negligence.

*C. Boudreaux v. Verret*

Finally, in Boudreaux v. Verret, 422 So.2d 1167 (La. App. 3 Cir. 1982), the plaintiff broadly claimed that his employer ordered him to work at a time and place where the defendant knew or should have known that injury was substantially certain to follow because he was required to conduct his job functions on a 50 foot high inadequately secured scaffold; a condition, according to the plaintiff, that a reasonable man should have known or believed that injury would follow. Id. at 1169.

The Court disagreed and dismissed the plaintiff's claims pursuant to a motion for summary judgment because the Court did not believe that the defendant's actions fell under the LWCA intentional act exception. Specifically, the Court stated that use of the word intent in the pleading is not a "talisman that

9

can change allegations of gross negligence into colorable claims of true intentional torts." Id. at 1171. The Court ultimately dismissed the plaintiff's claims, stating that "[n]othing short of an intentional tort will bar exemption from tort liability" under LWCA. Id.

The analogies and holdings in the aforementioned cases can easily be applied to the current matter. Although Plaintiff states that Defendant knew her injuries were substantially certain to follow, Plaintiff's allegations amount to a claim of gross negligence, reckless, or wanton conduct on behalf of Defendant. While it is conceivably reprehensible conduct to subject employees to a work environment where they are allegedly subjected to working in frequently occurring puddles of water, such conduct does not meet the strict standard applied to the LWCA intentional act exception. Plaintiff is essentially claiming that there was a "high probability that someone [would] eventually be injured." Reeves, 731 So.2d at 213. This type of claim is not sufficient to fall under the LWCA intentional act exception. Id.

Similar to the plaintiff in Boudreaux, Plaintiff is attempting to "change allegations of gross negligence into colorable claims of true intentional torts." Boudreaux, 422 So.2d at 1171. Her use of the phrase "substantially certain" in the complaint do not "transform [these] random sets of facts into

an intentional act." Therefore, this Court, even after accepting Plaintiffs' allegations as true and resolving all doubts in favor of Plaintiffs, finds it is not plausible that Plaintiffs are entitled to relief. As a result, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is hereby **GRANTED**. Accordingly:

**IT IS ORDERED** that all of Plaintiffs' claims against Defendant Total Renal Care, Inc. are hereby **DISMISSED**, with prejudice.

New Orleans, Louisiana, this 15th day of October, 2009.

_____
United States District Judge